UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/29/2023
```

JOVANNY PAULINO,

                              Petitioner,

-against-

MARK MILLER, Superintendent, Green Haven Correctional Facility,

                              Respondent.

20-CV-5067 (MKV)

**ORDER ADOPTING REPORT
AND RECOMMENDATION
AND DENYING HABEAS**

MARY KAY VYSKOCIL, United States District Judge:

      Petitioner Jovanny Paulino ("Paulino"), proceeding *pro se*, seeks a writ of *habeas corpus* pursuant to 22 U.S.C. § 2254. [ECF No. 1 ("Petition")]. Paulino is currently serving an indeterminate term of 25 years to life following a jury conviction for murder in the second degree in violation of N.Y. Penal Law § 125.25(1). Paulino claims in the Petition that both his trial counsel and his appellate counsel were constitutionally ineffective.

      On September 13, 2023, Magistrate Judge Barbara Moses issued a thorough Report and Recommendation recommending that the Court deny the Petition and decline to issue a certificate of appealability. [ECF No. 29 ("R&R")]. For a recitation of the factual background and procedural history of the case as relevant to the Petition and this Order, the Court refers to Magistrate Judge Moses's R&R. *See* R&R 1–16. For the reasons set forth below, the Court adopts Magistrate Judge Moses's thorough and well-reasoned R&R in its entirety and DENIES the Petition.

## LEGAL STANDARD

      When reviewing an R&R, a district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party timely files appropriate objections to an R&R, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected

to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). No objections to the R&R were filed in this case. As such, the Court reviews the R&R for clear error. *See Mannix v. Phillips*, 619 F.3d 187, 192 (2d Cir. 2010).

## DISCUSSION

The Court has reviewed the R&R for clear error. The Court finds none and agrees with Magistrate Judge Moses that the Petition should be denied.

### I. Magistrate Judge Moses Applied the Correct Legal Standards

Magistrate Judge Moses correctly analyzed the threshold issues of timeliness and exhaustion. As Magistrate Judge Moses found, Paulino met the deadline provided for in 28 U.S.C. § 2244(d)(1)(A) by filing the Petition less than one year following the date his conviction became final. *See* R&R 16–17. Magistrate Judge Moses further correctly found that most of Paulino's claims were properly exhausted in state court, save his argument that his trial counsel was ineffective for failing to request a CPL Article 730 hearing, which is procedurally barred insofar as his claim for ineffective assistance of trial counsel raises it here. *See* R&R 19–20.

In addition, Magistrate Judge Moses articulated the correct legal standards applicable to the Petition. *See* R&R 20–23. As to *habeas* review generally, a district court may grant *habeas* relief only if the adjudication of the claim by the state court "was 'contrary to, or involved an unreasonable application of, clearly established Federal law[,] as determined by the Supreme Court of the United States,' or was 'based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.'" *Epps v. Poole*, 687 F.3d 46, 50 (2d Cir. 2012) (quoting 28 U.S.C. § 2554(d)(1)–(2)). As to ineffective assistance of counsel, a petitioner must establish both prongs of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984): first, that counsel's performance "fell below an objective standard of reasonableness," and second,

that counsel's "deficient performance prejudiced the defense." *Id.* at 687–88. Magistrate Judge Moses correctly explicated each *Strickland* prong and explained the "doubly deferential" standard for a federal *habeas* court's review of a state court's *Strickland* analysis, as applicable here. *See* R&R 20–23; *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

## II. Magistrate Judge Moses Properly Found the State Courts' Application of *Strickland* Reasonable

In reviewing the New York state courts' application of *Strickland* to Paulino's ineffective assistance claims, Magistrate Judge Moses properly found that the state courts' rejection of those claims was, in all instances, reasonable. *See* R&R 24.

### A. Ineffective Assistance of Trial Counsel

As to Paulino's claim for ineffective assistance of trial counsel, Magistrate Judge Moses noted that even if trial counsel's failure to preserve a sufficiency challenge as to intent on the murder charge was an oversight (as opposed to a deliberate trial strategy), Paulino's claim fails both *Strickland* prongs. The motion Paulino argues his trial counsel should have made would have been meritless. *See* R&R 25. Viewing the evidence in the light most favorable to the prosecution, Paulino would have been unable to make the requisite showing that no rational trier of fact could conclude that he acted with intent to cause the death of his victim. *See* R&R 25–26. Under *Strickland*'s first prong, it is well established that "[f]ailure to make a meritless argument does not amount to ineffective assistance." *United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999). And Paulino cannot satisfy *Strickland*'s second, prejudice, prong when "the evidence was more than legally sufficient to support the verdict." R&R 26.

Further, the Appellate Division conducted a weight of the evidence review and found no basis to disturb the jury's determination, concluding that "[t]he totality of [Paulino's] conduct supports the inference that, at least at the moment he stabbed the victim in the abdomen, he did so

3

with homicidal intent." *People v. Paulino*, 172 A.D.3d 488, 489, 97 N.Y.S.3d 863 (1st Dep't 2019). As Magistrate Judge Moses noted in the R&R, a constitutional sufficiency challenge poses a higher burden to the petitioner than a weight of the evidence challenge. Because the Appellate Division found that Paulino failed to meet the lesser burden in concluding that the verdict was not against the weight of the evidence, it necessarily found that there was constitutionally sufficient evidence to support the verdict. *See* R&R 27–28; *Parker v. Ercole*, 666 F.3d 830, 834–35 (2d Cir. 2012) (Appellate Division's "weight of the evidence . . . review necessarily subsumed review of [petitioner's] sufficiency claim"). Thus, even if Paulino's trial counsel had made a specific motion at trial to preserve a sufficiency challenge, "the result would have been exactly the same." R&R 28. Accordingly, under *Strickland*, Paulino cannot show that trial counsel's purportedly deficient performance prejudiced him in that but for counsel's error, "the result of the proceeding would have been different." 466 U.S. at 694. The Appellate Division's rejection of Paulino's ineffective assistance of trial counsel claim was a reasonable application of *Strickland*. *See* R&R 28.

B. Ineffective Assistance of Appellate Counsel

Paulino's ineffective assistance of appellate counsel claim fares no better. *See* R&R 28. As Magistrate Judge Moses explained, it was proper for Paulino's appellate counsel to raise "unpreserved" and state-law issues on appeal, because "the purpose of a direct appeal . . . is primarily to obtain the maximum relief on that appeal." R&R 29. Moreover, the Appellate Division has discretion to review unpreserved claims. *See* CPL § 470.15(6)(a). In addition, contrary to Paulino's contention, his appellate counsel *did* raise the argument that Paulino's trial counsel was ineffective.[1] *See* R&R 30. Finally, Paulino's claim that his appellate counsel failed

---

[1] Further, the argument that appellate counsel failed to raise trial counsel's ineffective assistance, as the basis for a claim of appellate counsel's own ineffectiveness, can succeed only where trial counsel *was* ineffective. *See Aparicio v. Artuz*, 269 F.3d 78, 99 n.10 (2d Cir. 2001); *Rolling v. Fischer*, 433 F. Supp. 2d 336, 351 (S.D.N.Y. 2006). As Magistrate Judge Moses well explained, trial counsel was not constitutionally ineffective. *See* R&R 24–28.

to raise the issue of Paulino's lack of competency must fail because there is no evidence in the trial record—to which Paulino's appellate counsel was limited—to support a competency-based claim. *See* R&R 30–31; *Blanding v. Yelich*, No. 17-CV-1762 (JPO), 2018 WL 4906252, at *5 (S.D.N.Y. Oct. 9, 2018) (rejecting appellate ineffective assistance claim where "it was reasonable for appellate counsel to conclude that there was no evidence in the trial record that would support an argument that trial counsel was deficient for believing that [defendant] was competent to plead guilty"). Consequently, Paulino's claims regarding his appellate counsel's ineffectiveness fail both prongs of *Strickland*, and the Appellate Division's denial of Paulino's *coram nobis* petition was reasonable. *See* R&R 31–32.

## CONCLUSION

Reviewing Magistrate Judge Moses's comprehensive and well-reasoned R&R for clear error, the Court finds none. Accordingly, the Court ADOPTS the R&R in full. The Petition is DENIED. The Court declines to issue a certificate of appealability because Paulino has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Clerk of Court respectfully is requested to close the case.

**SO ORDERED.**

Date: **September 29, 2023**  
**New York, NY**

*[Signature: Mary Kay Vyskocil]*  
**MARY KAY VYSKOCIL**  
**United States District Judge**